## UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | |
|---|---|
| GARY SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-1292 |
| ) | |
| CITY OF KEWANEE, ) | |
|    a municipal corporation, ) | |
| ) | |
| Defendant. ) | JURY DEMAND |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DIMISS

### BACKGROUND

Defendant Kewanee's Motion to Dismiss filed pursuant to FRCP 12b(1) raises a jurisdictional issue of whether Scott's charge of discrimination was filed within 300 days of the September 3, 2009, date in which he was alleged to have been not promoted because of his age. Since Plaintiff was *pro se* at the time of the filing of the original charge of discrimination, it is necessary for the district court to consider documents outside the pleadings to consider whether equitable reasons justify defendant's argument. In this connection, Plaintiff has attached his affidavit setting forth the basis for the dates and times involved in sending the intake questionnaire to EEOC, the subsequent signing and filing of the charge of discrimination prepared by the EEOC, and the received date by the EEOC. As will be discussed, affidavits are appropriate in such procedures when the pleading themselves and any attachments presently in the court file do not definitively define the factual basis upon which the court may rule. As to Count II, Plaintiff does not

contest that he has not obtained a final order from the Illinois Human Rights Commission.[1]

## AFFIDAVITS ARE APPROPRIATE FOR FILING IN RESPONSE TO A 12b(1) MOTION TO DISMISS

Numerous courts outside of the 7th Circuit have allowed the use of affidavits in considering a motion to dismiss under Rule 12b(1). See *CP Solutions PTE, Ltd. v. GE*, (2007, DC Conn.) 470 F Supp. 2d 151; *Hohri v. United States*, (1984, DC Dist. Ct.) 586 F Supp 769, aff'd in part and rev'd in part on other grounds, remanded (1986, App. DC) 251 U.S. App. DC 145, 782 F.2d 227, reh den, en banc (1986, App. DC) 253 U.S. App. DC 233, 793 F.2d 304 and vacated on other grounds, remanded (1987) 482 US 64, 107 S Ct 2246, 96 L Ed 2d 51 and (ovrid in part as stated in *Rumber v. District of Columbia,* (2005, DC Dist. Col) 2005 US Dist. Lexis 33360); and *Targett v. United States,* (1982, N.D. Cal) 551 F. Supp. 1231.  In *Peckman v. Thompson, et al*, 966 F.2d 295 (7th Circuit 1992), the court reversed and remanded a decision by the district court, reversed a ruling on a Rule 12b(1) motion because although both parties filed memoranda in support of joint motion, neither had included affidavits or other evidentiary material. The district court apparently converted the ruling to a summary judgment on a FRCP 56 and one of the arguments on appeal was that the defendants' would have sought affidavits or other materials had it known that would be the ultimate outcome of the ruling. The 7th Circuit agreed and remanded on this basis.  In *Komorowski v. Townline Minimart*, 162 F.3d 962 (7th Circuit 1998), the district court dismissed the complaint for lack of subject matter

---

[1] Notwithstanding, the reasoning of the court in *Davis v. Metropolitan Pier & Exposition Authority*, 2012 U.S. Dist. LEXIS 91710 (N.D. Ill. 2012) is flawed. The *Davis* opinion cites *Flaherty v. Gas Research Inst.*, 31 F. 3d 451, 458 (7th Cir. 1994) that only final orders of the Illinois Human Rights Commission are subject to *appellate* (emphasis added) review. This proposition is certainly true but Plaintiff Scott has not sought appellate review – he is filing an original action based upon the district court's supplemental jurisdiction. It would not be legally cognizable for Plaintiff to seek appellate review of a final decision of the Illinois Human Rights Commission in the district court.

jurisdiction which was filed pursuant to 42 USC § 2000e(b) and the seventh circuit affirmed. Defendant again treated its motion as combined motion to dismiss and FRCP 56 filing. In the district court, the Defendant *Townline* had submitted an affidavit and a proposed statement of finding of fact, and as noted, sought alternative relief under either 12(b)(6) or FRCP 56. Although neither the district court nor the court of appeals discussed the procedure involving the submission of an affidavit under a 12(b)(1) motion, it is clear that the procedure was accepted without objection or argument. Here, Plaintiff submits his affidavit so that the court will be fully aware of the facts involving his *pro se* prosecution of his claim of discrimination against Kewanee.

**FAILURE TO TIMELY FILE A CHARGE WITH EEOC IS AN AFFIRMATIVE DEFENSE**

Defendant Kewanee attempts to raise the issue of plaintiff's failure to timely file a charge with the EEOC within 300 days of the decision not to promote him in a motion to dismiss pursuant to FRCP 12(b)(1). This is an inappropriate procedure since the allegation of the failure to timely file a charge with the EEOC are properly affirmative defenses. *Gragg v. Wenzak, Inc.* 2011 US Dist. Lexis 373, 27 (CD Ill 2011) citing *Salas v. Wisconsin Department of Corrections,* 493 F 3d 913, 921 (7th Cir 2007). Complaints do not have to anticipate affirmative defenses to survive a motion to dismiss. *United States v. Lewis*, 411 F 3d 838, 842 (7th Cir. 2005). Thus, Plaintiff did not have to anticipate the jurisdictional argument so as to raise facts in the complaint relating to when he sent the intake questionnaire to the EEOC. He now does so because defendant Kewanee has raised the issue. Since Kewanee assumes the burden of an affirmative defense, it is incumbent that the allegations in the motion to dismiss be treated as an affirmative defense so that all facts can be brought before the court by Kewanee and the

burden is not placed upon the Plaintiff. For this reason alone, the motion to dismiss involving the issue of the 300 day filing with the EEOC should be denied.

**DATE OF COMPLETION OF INTAKE QUESTIONNAIRE WITH THE EEOC MEETS THE 300 DAY JURISDICTIONAL REQUIREMENT**

As shown by Defendant's affidavit he signed and sent the intake questionnaire to EEOC on June 21, 2010. The case of *Preus v. Dominick's Finer Food,* 127 F. Supp 2d 1036, 2001 U.S. Dist. Lexis 492 (N.D. Ill. 2001) appears to be exactly on point. In the Preus case, the district court held that the *date* that EEOC's charge questionnaire was completed by the Plaintiff is the date to determine the date of the 300 day statute of limitations citing the decision in *Philbin v. General Electric Capital Auto Lease, Inc.,* 929 F. 2d 321 (7th Cir. 1991). *Preus,* 127 F. Supp. 2d at 1037. The *Preus* case does not appear to be overruled or modified and the motion to dismiss relating to the 300 day filing requirement with the EEOC should be denied.

**PLAINTIFF HAS STATED SUFFICIENT FACTS TO SEEK INJUNCTIVE RELEIEF IN HIS ADEA FAILURE TO PROMOTE CASE**

Claims against employers for failure to promote are cognizable under the ADEA. See *Kuhn v. Ballstate University*, 78 F. 3d 330 (7th Cir. 1996). 29 USC § 623(a)(1) provides it is unlawful for an employer under the Act to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age…". 29 U.S.C. § 626(c)(1) provides that an agrieved person may bring a civil action for such legal and equitable relief as to effectuate the purposes of the Act. Courts have upheld injunctive relief under the ADEA to force the promotion of a Plaintiff. See *Taylor v. Home Ins. Co.*, 777 F. 2d 849, 860 (4th Cir. 1985).

Contrary to Defendant's argument, Plaintiff has not sought a preliminary injunction in this case.[2] The prayer for relief seeks "a mandatory injunction directing defendant to promote Plaintiff to the position of sexton with all duties and rights attendant to said position". (Page 4, Complaint) This relief relates to the conclusion of the case. No interim relief during the pendency of the case is sought by Scott and Plaintiff should not be held to the standard of a preliminary injunction since he has not sought such relief.

**CONCLUSION**

For the foregoing reasons, the motion to dismiss Count I and the request for injunctive relief contained therein should be denied.

Gary Scott,
Plaintiff,

By,

s/Nile J. Williamson
NILE J. WILLIAMSON
ATTORNEY AT LAW
411 Hamilton Blvd., STE 1926
Peoria, Illinois 61602
Telephone: (309) 677-5950
Facsimile: (309) 677-5952
nilew@aol.com
Reg. No. 3029417

---

[2] At least one court has held that in determining whether injunctive relief is appropriate, presumption of irreparable injury arises upon showing of age discrimination in violation of ADEA. *Duke v. Uniroyal, Inc.*, 777 F Supp. 428 (1991, ED NC).

**CERTIFICATE OF SERVICE**

I hereby certify on <u>September 4, 2013</u>, I electronically filed the foregoing document with the Clerk of the U.S. District Court by using the CM/ECF system which will send notification of such filing to the following parties who are participants:

Elizabeth Barton
Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, PC
140 South Dearborn Street, Sixth Floor
Chicago, IL 60603

                s/Nile J. Williamson
                NILE J. WILLIAMSON
                ATTORNEY AT LAW
                411 Hamilton Blvd, STE 1926
                Peoria, Illinois 61602
                Telephone: (309) 677-5950
                Facsimile: (309) 677-5952
                nilew@aol.com
                Reg. No. 3029417