UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| GARY SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:13-cv-01292-SLD |
| | ) |
| CITY OF KEWANEE, | ) |
| a Municipal Corporation, | ) |
| | ) |
| Defendant. | |

## ORDER

Plaintiff Gary Scott claims that by denying him employment as cemetery sexton in favor of a younger worker, Defendant City of Kewanee, Illinois, (the "City") engaged in age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, and the Illinois Human Rights Act (IHRA), 775 ILCS 5/1-101 *et seq.* Defendant has moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant's Motion for Leave to File Its Reply in Support of Dismissal, ECF No. 10, is GRANTED. For the following reasons, Defendant's Motion to Dismiss, ECF No. 7, is GRANTED IN PART and DENIED IN PART.

## BACKGROUND[2]

Scott, who was born in 1949, has worked for the City since 1989. Scott held the position of Equipment Operator at the time he filed his Complaint, although he had occasionally performed the job duties of cemetery sexton. Scott's last written performance evaluation

---

[2] In deciding a motion to dismiss, all well-pleaded allegations in the Complaint are taken as true and viewed in the light most favorable to the plaintiff. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012) (citation omitted). Accordingly, unless otherwise noted, the statement of facts in this section is based solely on allegations in Scott's Complaint and attachments thereto, ECF No. 1.

occurred in April 2009; it indicated that he was performing at an adequate-or-above level. Scott was generally in good standing with his employer.

In early August 2009, the City began accepting applications for the open position of cemetery sexton. Four people, including Scott, applied for the position. During Scott's interview, which lasted about 10 minutes, City personnel asked Scott when he intended to retire. Scott replied, "About 66, when my wife turns 62." The City also administered an aptitude test, which Scott claims was biased against older individuals because it "asked several questions authenticating the memory of the applicant." On September 9, 2009, the City informed Scott that Kevin Newton, rather than Scott, would receive the position. Newton, who was approximately 33 years old, was still a probationary employee in the sanitation department at the time, as he had only been hired by the City in December 2008. Scott claims Newton "had no known objective qualification superior to" his own and "had much less experience as a [City] employee." In the four years following Newton's appointment, Scott still periodically performed the duties of cemetery sexton. Scott claims he "remains ready, willing, and able" to do the job.

Scott filed a Charge of Discrimination against the City with the Equal Employment Opportunity Commission ("EEOC"). The charge, EEOC Form 5, is signed and dated July 3, 2010, and stamped as received by the EEOC on July 12, 2010. Scott subsequently received notice of right to sue from the EEOC dated May 28, 2013. Scott filed the instant lawsuit on June 28, 2013, claiming the City's selection of Newton over himself for cemetery sexton represents age-based employment discrimination in violation of the ADEA (Count I) and the IHRA (Count II). Scott seeks relief including monetary damages and an injunction requiring the City to promote Scott to cemetery sexton.

# DISCUSSION

The City has moved to dismiss the ADEA claim as time barred, the IHRA claim for failure to exhaust state administrative remedies, and Scott's request for injunctive relief as insufficiently supported by his factual allegations. Def.'s Mot. Dismiss 1, ECF No. 7. The Court will address each argument in turn.

## I. ADEA Claim

The City argues that, by pleading a filing date for his EEOC charge falling beyond the 300-day deadline, Scott has established that his ADEA claim is time barred, thereby pleading himself out of court under Federal Rule of Civil Procedure 12(b)(6). Def.'s Mot. Dismiss, 1–2.

### A. Legal Standard on Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim to relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating a complaint's sufficiency, legal conclusions are not entitled to the assumption of truth granted to factual allegations. *Id.* The Seventh Circuit has identified the practical requirements of *Twombly* and *Iqbal* for federal pleading:

> First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). If a plaintiff provides unnecessary facts in his complaint, the defendant may use those facts to show the plaintiff is not entitled to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) (citations omitted). A plaintiff

"pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Id.* (quoting *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006)).

If matters outside the pleadings are considered by the Court on a motion to dismiss, the motion instead must be treated as one for summary judgment. Fed. R. Civ. P. 12(d). However, the Court may "consider documents attached to or referenced in the pleading if they are central to the claim" without converting a motion to dismiss to one for summary judgment. *Citadel Grp. v. Wash. Reg'l Med. Ctr.*, 692 F.3d 580, 591 (7th Cir. 2012) (citing *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012)).

### B. Statutory Framework

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In order to sue under the ADEA in Illinois, an employee must file a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004); *see* 29 U.S.C. § 626(d)(1)(B). The date of the unlawful practice "is when a 'final, ultimate, [and] non-tentative' decision was made for which the employee receives unequivocal notice." *Draper v. Martin*, 664 F.3d 1110, 1113 (7th Cir. 2011) (quoting *Flannery*, 354 F.3d at 637). Failure to timely file a charge with the EEOC will ordinarily bar an ADEA claim. *Chakonas v. City of Chicago*, 42 F.3d 1132, 1135 (7th Cir. 1994).

Before filing a formal charge, prospective ADEA plaintiffs may file an "Intake Questionnaire," whose purpose "is to facilitate pre-charge filing counseling and to enable the

agency to determine whether it has jurisdiction over potential charges." *See Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 405 (2008) (citation and internal quotation marks omitted). However, such a filing may still be deemed to constitute a charge if, in addition to an allegation and the names of the charged party, "the document reasonably can be construed to request agency action and appropriate relief on the employee's behalf." *Id.* In *Holowecki*, an Intake Questionnaire constituted a charge because it was submitted along with an affidavit by the employee requesting that the EEOC "force Federal Express to end their age discrimination." *Id.*

**C. Analysis**

Scott indicated on his EEOC charge that the City informed him on September 3, 2009, that the City had declined to hire him as cemetery sexton. This unequivocal notice of the City's final and allegedly discriminatory hiring decision started the clock running on Scott's 300 days to file an EEOC charge. *See Draper*, 664 F.3d at 1113. Those 300 days elapsed on June 30, 2010, but Scott's charge, which was signed and dated July 3, 2010, was not received by the EEOC until July 12, 2010. Compl., Ex. 1 at 1, ECF No. 1-1. Even if Scott's charge was deemed filed on the signing date, or upon postmark assuming Scott mailed the charge the same day he dated it,[3] filing the charge occurred no earlier than July 3, 2010, according to Scott's exhibit. *Id.* Despite acknowledging the EEOC's receipt of the charge on July 12, 2010, the Complaint does not offer any excuse for, or even mention, missing the June 30, 2010 deadline. Compl. ¶ 5. Scott would have to contradict the dates on his EEOC charge—attached to and thus part of the Complaint—in order to state a timely ADEA claim. *See Tamayo*, 526 F.3d at 1086; *see also Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) ("When an exhibit incontrovertibly

---

[3] With charges submitted by mail, the EEOC will consider a charge filed on the "(i) [d]ate of postmark, if legible, (ii) [d]ate of letter, if postmark is illegible, [and] (iii) [d]ate of receipt by Commission, or its designated agent, if postmark and letter date are illegible and/or cannot be accurately affixed." 29 C.F.R. § 1626.7(b)(1)(i)–(iii). Written charges filed in person are deemed filed on date of receipt. *Id.* § 1626.7(b)(2). The Complaint does not indicate whether Scott personally delivered the charge or mailed it, and if the latter, gives no indication of date of postmark. Compl. ¶ 5.

5

contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss."). Because his pleadings establish, therefore, that his ADEA claim is time barred, Scott has pleaded himself out of court.

Scott also argues that dismissal is inappropriate because the City's claim that Scott's ADEA suit is time-barred is an affirmative defense, and therefore the Complaint need not address it. Pl.'s Mem. in Opp'n Mot. Dismiss 3. In general, a complaint does not have to anticipate affirmative defenses in order to survive a motion to dismiss. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). However, the exception occurs where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *Id.* Here, Scott's Complaint and its attachments "plainly reveal" that he did not file his EEOC charge within the statutory filing period; therefore, the pleadings provide "everything necessary" to establish that his ADEA claim is time barred.

After the City filed its Motion to Dismiss, Scott submitted his Intake Questionnaire to the Court. Scott. Aff. Ex. 1, ECF No. 9-1. The Supreme Court has indicated that, based on criteria that Scott's Questionnaire may satisfy, a Questionnaire may constitute an EEOC charge for purposes of the filing deadline. *See Holowecki*, 552 U.S. at 405. The Court, however, cannot determine whether Scott's Questionnaire meets the *Holowecki* standard on this motion to dismiss, because Scott neither attached the Questionnaire to his Complaint, nor references the Questionnaire in his Complaint. *See Citadel Grp.*, 692 F.3d at 591.[4] The Court must decide this

---

[4] Scott cites *Peckmann v. Thompson*, 966 F.2d 295 (7th Cir. 1992) and *Komorowski v. Townline Minimart*, 162 F.3d 962 (7th Cir. 1998), claiming these cases support his claim that a court may consider affidavits and other evidentiary material on a motion to dismiss. Pl.'s Mem. in Opp. Mot. Dismiss 2–3. In both cases, however, the Seventh Circuit noted that the district court had, expressly or implicitly, converted a motion to dismiss into one for summary

motion on the basis of the pleadings, which mention only Scott's Form 5 EEOC charge and its post-deadline filing.

Accordingly, Count I of the Complaint is dismissed without prejudice. Scott has until April 11, 2014, to amend his Complaint as to Count I if he so desires.

**II.    IHRA Claim**

The City moves to dismiss Count II, Scott's IHRA claim, for lack of jurisdiction due to failure to exhaust state administrative remedies. Def.'s Mot. Dismiss 6–7.

**A. Legal Framework**

The IHRA prohibits employment discrimination based on age. 775 ILCS 5/1-103(Q), 2-102(A). The Illinois Supreme Court has held that the IHRA's comprehensive scheme of remedies and administrative procedures is the exclusive source for redress of alleged IHRA violations. *Mein v. Masonite Corp.*, 485 N.E.2d 312, 315 (Ill. 1985). Under an earlier version of the IHRA, judicial review of an alleged IHRA violation was available only after the Illinois Human Rights Commission ("IHRC") issued a final order on the complaint. *Flaherty v. Gas Research Institute*, 31 F.3d 451, 458 (7th Cir. 1994). The Illinois legislature amended the IHRA, effective January 1, 2008, to grant original jurisdiction over IHRA claims to both the IHRC and Illinois circuit courts. *See* Pub. Act 95-243; 775 ILCS 5/7A-102; *De v. City of Chicago*, 912 F. Supp. 2d 709, 731 (N.D. Ill. 2012). Although the Seventh Circuit has not addressed the issue, an "overwhelming majority" of district courts within this Circuit have held that federal courts may now exercise original jurisdiction over IHRA claims pursuant to 28 U.S.C. § 1367(a). *Id.* (citing, among other cases, *Hoffman v. Bradley Univ.*, No. 11-1086, 2012 WL 4482173, at *1 (C.D. Ill.

---

judgment. *See Peckmann*, 966 F.2d at 297; *Komorowski*, 162 F.2d at 965. In neither case, therefore, did the Seventh Circuit sanction consideration of affidavits filed outside of the pleadings in deciding a motion to dismiss.

Sept. 27, 2012); *Lawrence v. E. Cent. Illinois Area Agency on Aging*, No. 10-cv-1240, 2011 WL 1044372, at *1 (C.D. Ill. Feb. 24, 2011)).

The IHRA still requires that IHRA claims be initiated by filing a charge with the Illinois Human Rights Department ("IHRD"), which investigates the claim of discrimination. *See Glemser v. Sugar Creek Realty, Inc.*, No. 09-3321, 2010 WL 375166, at *3 (C.D. Ill. Jan. 26, 2010)). Under the dual filing system, a charge filed with the EEOC is deemed filed with the IHRD as well. *Id.* at *2 (citing *Garcia v. Vill. of Mt. Prospect*, 360 F.3d 630, 643 n.13 (7th Cir. 2004)). The charge must be filed with the IHRD within 180 days of the alleged civil rights violation. *Id.* (citing 775 ILCS 5/7A-102(A)(1)). Courts may not hear IHRA claims until the IHRD has made a determination as to whether there is substantial evidence of an IHRA violation and either notified a complainant of her right to proceed or dismissed the claim. *See* 775 ILCS 5/7A-102(B), (C)(4), (D)(4); *Glemser*, 2010 WL 375166, at *3; *Anderson v. Ctrs. For New Horizons, Inc.,* 891 F. Supp. 2d 956, 960 (N.D. Ill. 2012). Failure to timely file with the IDHR therefore constitutes a failure to exhaust administrative remedies. *Glemser*, 2010 WL 375166, at *3; *see also Anderson*, 891 F. Supp. 2d at 960 (dismissing IHRA claim for failure to exhaust administrative remedies where plaintiff withdrew charge from IDHR before obtaining a final order). Failure to comply with the IHRA's exhaustion requirements warrants dismissal of an IHRA claim. *Copeling v. Illinois State Toll Highway Auth.*, No. 12 C 10316, 2014 WL 540443, at *4 (N.D. Ill. Feb. 11, 2014) (citing *Garcia*, 360 F.3d at 640).

Failure to exhaust administrative remedies is an affirmative defense. *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000) (citations omitted). Granting a motion to dismiss under Rule 12(b)(6) on the basis of an affirmative defense is inappropriate; the proper vehicle for dismissal based on an affirmative defense is a Rule 12(c) motion for judgment on the pleadings.

*Carr v. Tillery*, 591 F.3d 909, 912–13 (7th Cir. 2010); *McCready v. eBay, Inc.*, 453 F.3d 882, 892 n.2 (7th Cir. 2006).

### B. Analysis

Because Scott did not obtain a final order on his IHRA claim from the IHRC, *see* Pl.'s Mem. in Opp'n. Mot. Dismiss 1–2, the City argues that the Court lacks jurisdiction to hear Count II. This is no longer the law in Illinois. The City fails to acknowledge the 2008 IHRA amendment and the consensus of courts holding that the IHRA now permits federal courts to exercise original jurisdiction over IHRA claims in the absence of a final order from the IHRC.

The IHRA still contains an administrative exhaustion requirement—filing a charge and obtaining a determination from the IHRD—which Scott's Complaint fails to address. However, failure to exhaust the IHRD remedy is an affirmative defense, whose merits are not properly before the Court on the City's Motion to Dismiss pursuant to Rule 12(b)(6). While courts sometimes grant judgment on the pleadings when an affirmative defense has been improperly raised on a motion to dismiss, neither party's pleadings or briefings on this motion address whether Scott filed a timely charge with and received a determination from the IHRD.[6] *See Carr*, 591 F.3d at 913; *McCready*, 453 F.3d at 892 n.2. Therefore, the Court lacks sufficient material to determine whether Scott failed to exhaust his IHRD administrative remedy, rendering any judgment on the City's defense inappropriate at this stage. *See Carr*, 591 F.3d at 913; *McCready*, 453 F.3d at 892 n.2. The City's Motion to Dismiss is denied as to Count II.

---

[6] Scott's EEOC charge doubles as an IHRD charge, but even assuming it was filed as early as July 3, 2012, it would still come far after the 180-day IHRD deadline. *See Glemser*, 2010 WL 375166, at *3. Scott does not mention whether he separately filed with the IHRD; he states only that he did not obtain a final IHRC order. *See* Pl.'s Mem. in Opp'n. Mot. Dismiss 1–2.

### III. Injunctive Relief

The City moves to dismiss Scott's prayer for a mandatory injunction requiring the City to hire him as cemetery sexton, on the grounds that Scott fails to plead facts supporting the requisite elements for injunctive relief. Def.'s Mot. Dismiss 7–8.

### A. Legal Framework

The ADEA provides that "[a]ny person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate" the ADEA's purposes. 29 U.S.C. § 626(c)(1). Even where a statute specifically authorizes injunctive relief, courts must still undertake an equitable balancing of harms before awarding an injunction "so long as the statute does not evidence congressional intent to deny courts their traditional equitable discretion." *United States v. Bethlehem Steel Corp.*, 38 F.3d 862, 867 (7th Cir. 1994) (citing *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 542 (1987)). Before awarding injunctive relief, courts generally must consider: (1) whether the plaintiff has suffered or will suffer irreparable injury, (2) whether there are adequate remedies available at law to compensate for the injury, (3) the balance of hardships, and (4) the public interest. *Sierra Club v. Franklin Cnty. Power of Illinois, LLC*, 546 F.3d 918, 935 (7th Cir. 2008) (citations omitted) (finding that four-part equitable analysis applied to a claim where statute authorized equitable relief). In order to state a claim for injunctive relief, plaintiffs must plead sufficient allegations to support the elements. *See, e.g., United States ex rel. Walner v. NorthShore Univ. Healthsystem*, 660 F. Supp. 2d 891, 899–900 (N.D. Ill. 2009); *Vance v. Ball State Univ.*, No. 1:06-cv-1452, 2008 WL 474223, at *4 (S.D. Ind. Feb. 15, 2008), *aff'd on other grounds*, 646 F.3d 461 (7th Cir. 2011), *aff'd*, 133 S. Ct. 2434 (2013); *Randle v. City of Chicago*, No. 00 C 299, 2000 WL 1536070, at *4 (N.D. Ill. Oct. 17, 2000).

### B. Analysis

Scott argues that the ADEA's authority for equitable relief obviates the need to plead the sufficient allegations to support award of injunctive relief.[7] Pl.'s Mem. in Opp'n Mot. Dismiss 4. However, 29 U.S.C. § 626(c) on its face evinces no congressional intent to deny courts their traditional discretion in awarding equitable relief, and Scott points to no courts holding otherwise. *See Bethlehem Steel Corp.*, 38 F.3d at 867. Accordingly, Scott is not relieved from the plaintiff's usual burden of sufficiently alleging the grounds for injunctive relief. *See, e.g., Walner*, 660 F. Supp. 2d at 899–900.

Scott correctly notes that, because he does not request interim relief but only a permanent injunction, he need not plead likelihood of success on the merits, as the City claims. Pl.'s Mem. in Opp'n Mot. Dismiss 5; Def.'s Mot. Dismiss 7. Even assuming without determining that (1) Scott's allegations of age discrimination are sufficient to establish irreparable injury, *see* Pl.'s Mem. in Opp'n Mot. Dismiss 5 n. 2 (citing *Duke v. Uniroyal, Inc.*, 777 F. Supp. 428, 433 (E.D.N.C. 1991), and (2) his claims that he was more experienced to serve the City as cemetery sexton than Newton give rise to the reasonable inference that both the balance of hardships and the public interest favors the injunction, however, Scott makes no factual allegations even remotely related to (3) the absence of an adequate remedy at law. *See Sierra Club*, 546 F.3d at 935. Accordingly, Scott's claims are dismissed without prejudice to the extent they request injunctive relief. Scott has until April 11, 2104, to amend his Complaint as to its request for injunctive relief if he so desires.

---

[7] The Complaint does not indicate whether Scott requests the injunction as a remedy for violation of the ADEA or the IHRA. Scott's argument that injunctive relief is authorized by statute references the ADEA, but makes no mention of the IHRA. *See* Pl.'s Mem. in Opp'n Mot. Dismiss 4–5. Accordingly, the Court addresses this argument only as it pertains to injunctive relief pursuant to the ADEA, 29 U.S.C. § 626(c)(1).

## CONCLUSION

Defendant City of Kewanee's Motion for Leave to File Its Reply in Support of Dismissal, ECF No. 10, is GRANTED. Defendant's Motion to Dismiss, ECF No. 7, is GRANTED IN PART and DENIED IN PART. Count I is dismissed. Count II is dismissed to the extent that it requests injunctive relief. Plaintiff Scott has until April 11, 2014, to amend his Complaint consistent with this Order if he so desires.

Entered this 28th day of March, 2014.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
